*501
 
 Danish,
 
 Judge.'
 

 After stating the facts as above proceeded: — Two questions arise in the case: first, was
 
 Harriet Old
 
 a good witness under the directions of the statute, to attest the will. Secondly: If she was a competent witness to attest the will at its execution, could her attestation be proved by the other witness, as she was at the trial, interested to defeat the will, and a party defendant on the record. It is declared in the eleventh section of the act of 1784, that no last will shall be good or sufficient in law or equity, to convey or give any estate in lands, unless it is subscribed in the presence of the testator, by two witnesses at least, no one of whom shall be interested in the
 
 devise
 
 of the said land. In the case of
 
 Allison v. Allison,
 
 (4
 
 Hawks,
 
 141.) the court determined that when the witness had an interest in the lands devised at the time of the altes--' tation, no subsequent release could avail to make him a proper witness under the statute. The state of things at the time of the execution of the will,determines the competency of the attesting witnesses under the statute__ The witness in this case being only heir presumptive to the testator, liad at the time of attestation,no interest in the lands devised. The testator could in his life time, have alienated the lands, or he might have married and had issue,which would have completely destroyed every possibility which the witness liad of inheriting the
 
 lands.
 
 We think the witness had
 
 no
 
 interest at the time she attested the instrument, and therefore the will was subscribed by two witnesses ; no one of whom was interested in the devise of the lands.
 

 If the witness when called by the plaintiffs, thought proper voluntarily to testify, we cannot see any good objection against it, although she was a party defendant on the record. But if she had refused to testify, because she was a party, then the second question arises, whether her attestation may not be proved by other witnesses. It is a rule of evidence that when a subscribing witness has, since the attestation, become interested, his handwriting may be proved by other witnesses, as where he has become the administrator of the obligee, even though
 
 *502
 
 be disqualified himself voluntarily by taking out administration. (Sw
 
 ire
 
 v.
 
 Bell, 5 T. R.
 
 371, 1
 
 Starkie,
 
 338.) If one of the attesting witnesses to a will is abroad, it seems to be sufficient to give evidence of his handwriting. If a witness to a will be dead, or has become interested since his attestation, evidence of his handwriting will be received to support the will.
 
 (McKenire
 
 v,
 
 Fraser,
 
 9 Ves. 5, 3
 
 Starkie
 
 1693, 1694,) and from such evidence, the jury may presume the due execution of the will, although it does not appear from the written form of attestation that the witness subscribed the will in the presence of the testator.
 
 Hands
 
 v.
 
 James. Com. Rep.
 
 531.
 
 Croft
 
 v.
 
 Pawlet,
 
 2
 
 Strange,
 
 1109, 3
 
 Starkie, 1693.)
 
 The cases
 
 of Hampton
 
 v.
 
 Garland,
 
 (2
 
 Hay.
 
 147, )&
 
 Cromwell
 
 v.
 
 Kirk, (ante 3 vol.
 
 355,) are in point, to show that when the attesting witnesses to the will, were competent at the time of execution, undone of them lias since become incompetent, the party seeking to establish the will, is not bound to bring forward the incompetent witness. We think the opinion delivered by the Superior Court was erroneous, and therefore there must be a new trial.
 

 An attesting witness to a will who has becoflie interested since his attestation need not be produced by the person propounding it, but the will may be established by proof of his hand writing.
 

 Per Curiam. — Judgment reversed.